

FILED

JUL 11 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ELEANOR AHENAKEW LAMERE, | Cause No. CV 18-97-GF-BMM-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CHINOOK, MONTANA; FORT BENTON, MONTANA; GREAT FALLS, MONTANA, et. al., | |
| Respondents. | |

On July 6, 2018, Petitioner Eleanor Ahnakew Lamere filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Although her exact custody/probation status is unclear, Ms. Lamere challenges a state conviction and is proceeding pro se.

Rule 4 of the Rules Governing Section 2254 cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[1] The petition submitted by Lamere is actually the Court's standard form for motion under 28 U.S.C. § 2255, for use by federal prisoners.  But because Lamere challenges a state court judgement of conviction, the Court will construe her filing as a motion for relief under 28 U.S.C. § 2254.

1

Based upon a review of Lamere's petition, as well as the Montana Supreme Court's docket, it appears that Ms. Lamere's petition should be dismissed without prejudice for failure to exhaust.

### 28 U.S.C. § 2254 Petition

On May 24, 2016, Ms. Lamere was convicted and sentenced for Partner/Family Member Assault in the Great Falls Municipal Court. (Doc. 1 at 2, ¶ 1).[2] It appears that Lamere appealed her conviction to Montana's Eighth Judicial District Court. *Id.* Lamere indicates the matter was then "kicked to the Montana State Supreme Court." *Id.*

Lamere contends that Officer McLean, who was not the arresting officer, committed perjury. (Doc. 1 at 4, ¶ 5(A)(i)). It appears Lamere believes, based upon this perjured testimony, that she was wrongfully convicted. *Id.* She also contends Great Falls Municipal Court Judge Bolstad entered an order of protection against her in violation of the Indian Child Welfare Act (ICWA). *Id.*

Lamere seeks to use the vehicle of habeas corpus to raise a variety of claims including: discrimination, witness tampering, sexual and aggravated assault,

---

[2] May 24, 2016, may also have been the day of Lamere's arrest. Her petition provides seemingly contradictory information regarding this date. *See e.g.* (Doc. 1 at 4, ¶ 5(A)(i).

2

breaking and entering, slander, wrongful conviction, torture, terrorism, and espionage.  (Doc. 1 at 4, ⁋ 5(A)(ii)).  Lamere also asks this Court to initiate a federal criminal investigation into the purported ICWA violation.  *Id.*

A review of the Montana Supreme Court Docket indicates that on February 8, 2018, a Notice of Appeal from the December 17, 2017 judgment, entered in Montana's Eighth Judicial District, was filed by counsel on Lamere's behalf.  *See State v. E. Lamere*, DA 18-0087, Not. of App. (filed Feb. 8, 2018).[3]  Lamere's opening appellate brief has not yet been filed.

### i.    Analysis

As a preliminary matter, Lamere is advised that federal habeas courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody..." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Additionally, federal habeas corpus relief does not lie for errors of state law.  *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also, Peltier v. Wright,* 15 F. 3d 860, 861061 (generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law).  Thus, unless an

---

[3] Available at: https://supremecourtdocket.mt.gov (accessed July 10, 2018).

issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable via a petition for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). While the Court is not commenting on the merits of Lamere's present claims, it appears that they may not be cognizable in federal habeas.

Whether or not Lamere's claims are cognizable, the primary issue with her petition as it stands is that any claims she seeks to advance relative to her current conviction and/or custody have not yet been exhausted in the state courts. Accordingly, her petition should be dismissed without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

4

give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As explained above Lamere has a direct appeal that is in its initial stages. Assuming Lamere does present cognizable constitutional claims, it does not relieve her of the burden of first presenting such a claims to the state courts. Because Lamere has not yet exhausted her available state court remedies, this Court cannot review the claims. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Lamere may return to this Court if and when she fully exhausts the claims relative to her current custody and/or conviction.

### ii.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

5

(2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012) (quoting *Slack*, 529 U.S. at 484).

Lamere has not made a substantial showing that she was deprived of a constitutional right.  Further, because her petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Lamere may object to this Findings and Recommendation within 14

days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

_Ms. Lamere must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."_  Failure to do so may result in dismissal of his case without notice to him.

DATED this 11th day of July, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lamere is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.

7